UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA MARIA MATIAS,

    Petitioner,

v.                          Case No: 2:16-cv-633-FtM-29CM
                                Case No: 2:14-cr-111-FtM-29CM

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #207)[1] filed on August 15, 2016. The government filed a Response in Opposition to Motion (Cv. Doc. #9) on November 14, 2016, to which petitioner filed a Reply (Cv. Doc. #10) on November 21, 2016. For the reasons set forth below, petitioner's Motion is dismissed, or in the alternative, is denied.

**I.**

On October 1, 2014, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #1) charging petitioner Sandra Maria Matias (petitioner or Matias) and three others. Defendants were charged with conspiracy to possess with

---

[1]The Court will make references to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

intent to distribute five or more kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(11) (Count One), and with possessing with intent to distribute, and aiding and abetting that possession with intent to distribute, five or more kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(11) (Count Two). (Id.)

On July 16, 2015, petitioner entered into a written Plea Agreement (Cr. Doc. #116) in which she agreed to plead guilty to the Count One conspiracy charge. Petitioner entered the guilty plea the same day (Cr. Doc. #117), and on July 17, 2015, the plea was accepted and petitioner was adjudicated guilty as to Count One. (Cr. Doc. #120.)

The Presentence Report set petitioner's Base Offense Level at level 30 because of the thirteen kilograms of cocaine involved in the offense. (Cr. Doc. #178, ¶ 34.) Petitioner raised objections to the lack of certain reductions in the calculation of the offense level. (Cr. Doc. #133.) The Court ultimately granted reductions under the safety valve provision (two levels) and for being a minor participant (two levels); and granted a two level departure for mental health issues. (Cr. Doc. #191, pp. 6-11.) After the acceptance of responsibility reductions (three levels), petitioner's Total Offense Level was 21. (Id.) With a Criminal

History Category of I, petitioner's Sentencing Guidelines range was 37 to 46 months imprisonment. (Id.)

On January 12, 2016, the Court sentenced petitioner to a 36 month term of imprisonment as to Count One, followed by a term of supervised release and a special assessment of #100.00. (Cr. Doc. #179.) Count 2 was dismissed on the government's motion at the sentencing hearing. (Cr. Doc. #191, p. 19.)

Petitioner promptly filed a Notice of Appeal. (Cr. Doc. #182.) On May 2, 2016, the government filed a Motion to Dismiss Appeal Based on Waiver in Plea Agreement. On June 10, 2016, the Eleventh Circuit Court of Appeals granted the government's Motion to Dismiss, finding that the appeal waiver was made knowingly and voluntarily and was therefore enforceable. (Cr Doc. #204.) On June 15, 2016, petitioner filed a Motion for Reconsideration of the Eleventh Circuit's June 10th Order. (Cr. Doc. #207, p. 3.) On August 18, 2016, the Eleventh Circuit denied petitioner's Motion for Reconsideration. On October 28, 2016, petitioner filed a Notice of Writ of Certiorari and on December 12, 2016, Writ of Certiorari was denied.

## II.

In her § 2255 Motion, petitioner asserts that she filed a written objection to the Presentence Report objecting to the lack of a four-level minimal participant reduction, and that "at the sentencing hearing, counsel argued and sought a four level

reduction due to her being a minimal participant in the activity in accordance with U.S.S.G. § 3B1.2(a)." (Cr. Doc. #207, p. 3; Cv. Doc. #1, p. 3.) Petitioner raises a single issue: "MATIAS' sentence is unreasonable due to the recent amendment to the sentencing guideline governing minor and minimal role reduction, which has been held by the Ninth Circuit to be retroactive. The denial by the District Court of MATIAS' request for a four level reduction due to her minimal role in the conspiracy, undermines MATIAS' sentence making her sentence greater than necessary." (Cr. Doc. #207, p. 4; Cv. Doc. #1, p. 4.) The record establishes both factual and legal deficiencies in petitioner's claim.

**A. Subject Mater Jurisdiction**

The government asserts that the Court lacks the authority to entertain petitioner's § 2255 motion because her claim is not cognizable in a § 2255 motion. (Cv. Doc. #9, pp. 2-3 (citing Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014)). The Court agrees.

A district court lacks the authority to review a claim that petitioner's "sentence was imposed in violation of the . . . laws of the United States . . . or is otherwise subject to collateral attack" under 28 U.S.C. § 2255(a) "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Spencer, 773 F.3d at 1138 (alteration in original) (citing United States v. Addonizio, 442

U.S. 178, 185 (1979)). "A prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated, . . . ." Id. at 1139.

Petitioner makes no claim of a "fundamental defect" resulting in a complete miscarriage of justice. Indeed, the Eleventh Circuit has already determined that petitioner knowingly and voluntarily waived her right to challenge the sentence. The Court agrees with the United States that it has no jurisdiction over the motion, which is dismissed without prejudice. Alternatively, for the reasons set forth below, the motion is denied as without merit.

**B. Petitioner Did Not Pursue Request For A Four Level Minimal Participant Reduction**

Section 3B1.2 of the United States Sentencing Guidelines (USSG) provides for decreases in the offense level calculation based upon defendant's role in the offense. A defendant who was "a minimal participant in any criminal activity" receives a four level decrease, while a defendant who was "a minor participant in any criminal activity" receives a two level decrease.

On September 16, 2015, petitioner's attorney filed written objections to the Presentence Report. (Cr. Doc. #133.) One of the objections was to the failure of the Probation Office to give petitioner a four-level reduction for being a minimal participant in the criminal offense conduct. (Id. ¶ 2.) At petitioner's

October 5, 2015 sentencing hearing, petitioner requested a continuance so petitioner could attempt to satisfy the safety valve requirements, thereby allowing the Court to impose a sentence below the mandatory minimum ten year imprisonment, and to allow time for a competency evaluation. The continuance was granted, and there was no substantive discussion about sentencing issues at this hearing.

At the January 12, 2016 final sentencing hearing, the Court was informed by counsel that petitioner qualified for the safety valve, which was granted. (Cr. Doc. #191, p. 5.) Petitioner requested a two-level reduction as a minor participant ("We believe a two-level reduction should apply as a minor participant"), the government did not oppose the request, and the Court granted the two-level reduction. (Id. 6-7.) At the sentencing hearing, petitioner did not request a four level reduction.

It is difficult to envision how this situation, where the Court granted defense counsel's specific request, can constitute error. If error, it was invited by counsel and is not subject to review. "The doctrine of invited error is implicated when a party induces or invites the district court into making an error. Where a party invites error, the Court is precluded from reviewing that error on appeal." United States v. Harris, 443 F.3d 822, 823-24 (11th Cir. 2006) (internal citations omitted); United States v. Lopez-Carranza, 525 F. App'x 922, 923 (11th Cir. 2013)(reasoning

that "because Lopez-Carranza received the sentence he requested, we conclude that he is now precluded from challenging the reasonableness of that sentence."); United States v. Canada, 465 F. App'x 890, 891 (11th Cir. 2012); United States v. Gonzalez-Morales, 348 F. App'x 519, 521 (11th Cir. 2009)(finding that the failure to object to Sentencing Guidelines calculation and request for low-end sentence "invited the error, if any, of which he now complains, we are precluded from reviewing that error on appeal" (citation omitted)); United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006) (holding that invited-error doctrine precludes defendant from challenging sentence of supervised release where defendant requested sentence of supervised release).

**C. No Error In Minor Role Determination**

Assuming in the alternative that the Court does have jurisdiction over the motion, and that review is not barred because petitioner received the reduction she requested, the motion is denied as without merit. First, while petitioner relies heavily on the retroactivity of Amendment 794, that argument is misplaced. Amendment 794 went into effect on November 1, 2015. United States v. Jones, 705 F. App'x 859, 860 (11th Cir. 2017). Petitioner was sentenced on January 12, 2016. (Cr. Doc. #179.) Thus, Amendment 794 applied to petitioner's sentencing, and there is no need for a discussion of retroactivity.

Amendment 794 added nothing of substance to the law in the Eleventh Circuit. A district court's determination of defendant's mitigating role, if any, for Sentencing Guideline calculation purposes is a factual finding reviewed for clear error, which the defendant bears the burden of proving. United States v. Rodriguez De Varon, 175 F.3d 930, 937-39 (11th Cir. 1999) (en banc).

> In De Varon, we established a two-part test to determine whether a defendant qualifies for a minor-role adjustment. First, the district court must measure the defendant's role against the relevant conduct for which he was held responsible at sentencing. Second, the district court may also measure the defendant's role against other participants, to the extent they are discernable, in that relevant conduct. The fact that the defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of the role in the offense, as it is possible that none are minor or minimal participants. The defendant must be less culpable than most other participants in his relevant conduct.

United States v. Garcia, -- F. App'x ----, No. 16-17254, 2018 WL 1311929, at *3 (11th Cir. Mar. 14, 2018) (internal citations omitted).

In Amendment 794 the Sentencing Commission amended § 3B1.2's commentary to provide additional guidance regarding the minor and minimal role reductions. See U.S.S.G. Supp. to App. C, Amend. 794. Amendment 794 is a clarifying amendment which did not substantively change the fact-intensive, multi-faceted approach the Eleventh Circuit has used since De Varon. See United States v. Presendieu, 880 F.3d 1228, 1249-50 (11th Cir. 2018); United States v.

Cruickshank, 837 F.3d 1182, 1194 (11th Cir. 2016) ("Cruichshank I"). As the Eleventh Circuit has recently stated, "Amendment 794 to the Sentencing Guidelines embraced the approach we took in De Varon, and incorporated many of the same factors delineated in De Varon." United States v. Cruickshank, --- F. App'x ----, No. 17-10758, 2018 WL 388237, at *2 (11th Cir. Jan. 12, 2018); Cruickshank I, 837 F.3d at 1193-94. Petitioner's argument that consideration of the Amendment 794 factors would have made it "quite clear that her sentence would not have been the 36 months she was sentenced too [sic], but substantially lower or she may have been granted probation" (Cv. Doc. #10, p. 3) is wishful thinking at best. This is particularly so since petitioner's counsel stated at sentencing: "I would ask for a sentence of 24 months. I think that would be an appropriate sentence for Ms. Matias ultimately." (Cr. Doc. #191, p. 13.)

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #124) is **DISMISSED WITHOUT PREJUDICE**, and alternatively is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___26th___ day of April, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA
Eleventh Circuit; Case No. 18-10685

- 10 -